[No. 20531.    Department One.    July 6, 1927.]

B. F. WEIMANN et al., Respondents, v. J. G. O'HARE et al.,
Appellants.[1]

Appeal from a judgment of the superior court for King county,
Frater, J., entered November 13, 1926, upon the verdict of a jury
rendered in favor of the plaintiffs, in an action for damages result-
ing from a collision of motor vehicles.    Affirmed.

Van Dyke & Thomas, for appellants.
Robert A. Devers, for respondents.

PER CURIAM.—The testimony introduced by the respondents, tend-
ing to establish the negligence of the appellants in the driving of
an automobile stage on Eastlake avenue in the city of Seattle in
such a way that it came into collision with an automobile being
driven by the respondents, showed negligence on the appellants'
part which was sufficient to carry the case to the jury; and the
testimony introduced by the appellants seeking to establish contribu-
tory negligence of the respondents was not sufficient as a matter
of law to establish contributory negligence, and therefore left that
question, also, for the jury's determination.

The record being in this condition, it disposes of the first assign-
ment of error made by the appellants, and the trial court was
correct in overruling their motion for a judgment notwithstanding
the verdict.

The instructions in this case comprise some sixteen typewritten
pages, and to several of these instructions the appellants raise ob-
jection that they improperly state the law.

They also complain of the refusal of the trial court to give cer-
tain instructions requested by them.

After thorough examination of all the instructions given, it ap-
pears that, reading them as a whole, they properly present the law
applicable to the facts in this case, and we find nothing in the re-
quested instructions which was not either adequately covered by
the instructions given or which, if given, would not have been im-
proper.

There being no necessity of setting forth the facts in this case
and no new questions of law being presented by the exceptions to
instructions or request for additional instructions, we find no nec-
essity of setting out those given or refused.

Affirmed.

[1]Reported in 257 Pac. 1119.